■ Louis Gargiulo, Respondent, v. Stanley Goldberg, Appellant.— In an action by a purchaser for specific performance of a contract to convey real property, the defendant seller appeals: (1) from an order and judgment (one paper) of the Supreme Court, Kings County, entered October 14, 1964, granting the plaintiff's motion for summary judgment and directing specific performance in the plaintiff's favor; and (2) from an order of said court, entered the same date, which denied the defendant's cross motion to dismiss the complaint for failure to state a cause of action. Pursuant to statute (CPLR 5517, subd. [b]), defendant also brings up for review an order of said court, entered January 27, 1965, which denied his motion to reargue or to renew the plaintiff's said motion and his cross motion. Appeal from order of January 27, 1965 dismissed, without costs. This order is, primarily, an order denying reargument; such an order is not appealable. If it were appealable, we would in any event affirm it on the merits. Order and judgment granting summary judgment, and order denying motion to dismiss complaint, affirmed, with one bill of $10 costs and disbursement. No opinion. Ughetta, Acting, P. J., Christ, Hill, Rabin and Benjamin, JJ., concur.

■ Abe Gootkin, Appellant, v. Uniform Printing & Supply Co. et al., Respondents.— In an action to recover damages for personal injury, the plaintiff appeals from a judgment of the Supreme Court, Kings County, entered December 22, 1964, which dismissed the complaint at the close of his case. Judgment affirmed, without costs. Plaintiff was an employee of an independent contractor engaged by defendant Uniform Printing & Supply Co. to clean the windows, inside and outside, of its fourth floor office and factory in a nine-story building owned by defendant Meyers. It was impossible for plaintiff, from the inside, to clean the outside of certain sealed windows on the fourth floor. In order to clean the outside of these windows, plaintiff went down the elevator; he walked around the building to a fire escape which had been unused, locked, and sealed off for 24 years before the accident; he placed a ladder against the gate constructed to prevent access to the fire escape, and then he climbed over the gate and went up the stairway of the fire escape. Plaintiff was caused to fall because a step gave way in the stairway between the third and fourth floors. In our opinion, the complaint was properly dismissed. Although there was concededly a violation of section 202 of the Labor Law, that violation was not a proximate cause of the accident. Nor may defendants be held liable on the theory of failure to provide plaintiff with a safe place to work (*Gasper* v. *Ford Motor Co.*, 13 N Y 2d 104). Neither defendant furnished the fire escape as a place of work or as an approach to a place of work. Plaintiff was a trespasser on the fire escape, and there is no claim that defendants inflicted any willful injuries upon him. Beldock, P. J., Brennan, Hill, Rabin and Benjamin, JJ., concur.