Charles Mack et al., Appellants, v Altmans Stage Lighting Company, Inc., Defendant and Third-Party Plaintiff-Respondent-Appellant. William F. Hoffman, Inc., Third-Party Defendant-Respondent.

Second Department, January 16, 1984

APPEARANCES OF COUNSEL

*Lipsig, Sullivan & Liapakis, P. C. (Norman E. Frowley* of counsel), for appellants.

*Curtis, Hart & Zaklukiewicz (Edward J. Hart* and *Wade T. Dempsey* of counsel), for defendant third-party plaintiff-respondent-appellant.

*Raymond C. Green (Herzfeld & Rubin, P. C. [Herbert Rubin, David B. Hamm* and *Barbara D. Goldberg]*, of counsel), for third-party defendant-respondent.

OPINION OF THE COURT

Titone, J. P.

In this action to recover damages for personal injuries, plaintiff Charles Mack appeals from a judgment of the Supreme Court, Westchester County, which dismissed the complaint upon defendant's motion at the end of the plaintiffs' case.[1]

---

1. Plaintiff's wife, Jeanne Mack, also purports to appeal from the judgment of

The issue is whether plaintiff failed to establish proximate causation between the accident in which he sustained his injury and the defendant's violation of the statutory duties imposed by subdivision 1 of section 240 of the Labor Law. We agree with Trial Term that proximate causation is lacking as a matter of law and affirm.

The relevant facts are not disputed. On February 26, 1977, plaintiff and Robert Corey, employees of William F. Hoffman, Inc., were working on a building leased by defendant Altmans Stage Lighting Company, Inc. Plaintiff and Corey used a ladder to get to the roof, where they were to do some repair work, a distance of approximately 28 to 30 feet from the ground. Although it appears to be a customary practice in the roofing trade to tie or secure a ladder to the building to prevent it from falling down, they failed to take this precaution and the ladder was blown down by the wind while they were on the roof.

Plaintiff and Corey were in no immediate danger. Nonetheless, plaintiff found an old, worn rope in a hatchway and decided to use the rope to lower himself from the roof. The rope broke and he plunged to the ground, sustaining severe injuries when he struck the concrete below.

Our only concern on this appeal is with the second cause of action (the others having been dismissed on consent), which alleges that the ladder had fallen down due to a violation of subdivision 1 of section 240 of the Labor Law. That statute provides that "[a]ll contractors and owners and their agents * * * in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor * * * ladders * * * ropes, and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed."

The duties imposed by this section are nondelegable and a breach gives rise to absolute liability on the part of owners and contractors regardless of the degree of control

---

dismissal. Her claim for loss of consortium was dismissed, on consent, because she was not married to Charles on the date of the accident. She thus lacks standing to appeal (CPLR 5511) and her appeal should be dismissed (*Frank v Howard Co-op. Corp.*, 47 AD2d 920, 921). Therefore, we will refer to Charles Mack as plaintiff in this opinion.

they have over the work performed (*Haimes v New York Tel. Co.,* 46 NY2d 132; *Weaver v Lazarus,* 93 AD2d 859, 860; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 74). All the plaintiff must prove is that the statute was violated and that the violation was the proximate cause of the injuries sustained (see *Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Parsolano v County of Nassau,* 93 AD2d 815, 817; *Smith v Hooker Chems. & Plastics Corp.,* 89 AD2d 361, 363 [SIMONS, J. P.], app dsmd 58 NY2d 824).

Trial Term concluded that a statutory violation had occurred but that proximate cause was wanting. We agree.

The concept of probable cause operates as a matter of public policy to place reasonable limits on liability (*Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 314; *Pagan v Goldberger,* 51 AD2d 508, 509). As Justice HOPKINS noted in *Pagan,* "an intolerable burden would be cast on human activity if every voluntary act was committed at one's peril" (51 AD2d, at p 509, citing Holmes, The Common Law, pp 93-96). And when, as here, liability is sought to be imposed without regard to fault, there is even more reason to require a nexus between the wrongful act and the injury (Carpenter, Proximate Cause, 15 So Cal L Rev 187, 195-196; see, also, Thayer, Liability Without Fault, 29 Harv L Rev 801; Harper, Liability Without Fault and Proximate Cause, 30 Mich L Rev 1001).

To establish a prima facie case on the issue of causation, a plaintiff must show that the defendant's act "was a substantial cause of the events which produced the injury" (*Derdiarian v Felix Contr. Corp., supra,* p 315; see, also, *Nallan v Helmsley-Spear, Inc.,* 50 NY2d 507, 520; *Sewar v Gagliardi Bros. Serv.,* 69 AD2d 281, 289, affd 51 NY2d 752; Restatement, Torts 2d, § 431; PJI 2:70). In ascertaining whether the defendant's conduct constitutes a substantial factor in bringing about the harm of which the plaintiff complains, consideration should be given to (1) the aggregate number of factors involved which contribute towards the harm and the effect which each has in producing it, (2) whether the defendant has created a continuous force active up to the time of harm, or whether the situation was acted upon by other forces for which the defendant is not

responsible, and (3) the lapse of time (Restatement, Torts 2d, § 433; 1 NY PJI2d 208-209).

Foreseeability also plays a role in the proximate cause equation, albeit quite different from that in determining the scope of duty (cf. *Pulka v Edelman,* 40 NY2d 781, 785-786). As has been noted, "the foreseeability that is indigenous to negligence is not always the same as the foreseeability relevant to causality, since the latter essentially is to be viewed as of the time when the damage was done while the former relates to the time when the act or omission occurred" (*Sewar v Gagliardi Bros. Serv.,* 51 NY2d 752, 759, *supra* [concurring opn of FUCHSBERG, J.]; see, also, *Monahan v Weichert,* 82 AD2d 102, 108). Thus, while the fact that a defendant did not foresee the precise manner in which the accident occurred will not excuse liability (*Derdiarian v Felix Contr. Corp., supra,* p 315), if, with the benefit of hindsight, it appears highly extraordinary that defendant's act should have brought about the harm, the act will not be considered a proximate cause (*Ventricelli v Kinney System Rent A Car,* 45 NY2d 950, 952; Restatement, Torts 2d, § 435).

The chain of causation, once established, may still be broken by an intervening act. Again, foreseeability furnishes a rough gauge. A defendant remains liable for all normal and foreseeable consequences of his acts (*Nallan v Helmsley-Spear, Inc., supra,* pp 520-521; *Parvi v City of Kingston,* 41 NY2d 553, 560). But an intervening act will constitute a superseding cause and "will serve to relieve defendant of liability when the act is of such an extraordinary nature or so attenuates defendant's [conduct] from the ultimate injury that responsibility for the injury may not be reasonably attributed to the defendant" (*Kush v City of Buffalo,* 59 NY2d 26, 33; see, also, *Martinez v Lazaroff,* 48 NY2d 819; *Rivera v City of New York,* 11 NY2d 856).

Application of these principles leads us to the conclusion that the defendant's violation of subdivision 1 of section 240 of the Labor Law did not constitute the proximate cause of the accident.

Our decisions in *Gootkin v Uniform Print. & Supply Co.* (24 AD2d 448) and *Guida v 154 West 14th St. Co.* (13 AD2d 695, affd 11 NY2d 731) are illustrative. In *Gootkin,* plain-

tiff, an employee of an independent contractor hired to clean the windows of defendant's building, was unable to clean the windows from inside the building and went outside, used a ladder to climb over a gate onto a fire escape that had been sealed off, and then went up the fire escape to reach the windows. The fire escape gave way, causing him to fall. We dismissed the complaint, predicated on the theory that the defendant had violated section 202 of the Labor Law by failing to install anchors on the windows or provide another safe means for cleaning the windows, concluding that "[a]lthough there was concededly a violation of section 202 of the Labor Law, that violation was not a proximate cause of the accident" (24 AD2d, at p 448).

*Guida* (*supra*) involved a student attending classes in a building owned by the defendants. Rather than wait for an elevator to take him to the ground floor, he took a stairway that led to a freight platform and left the building through a door that opened into an alleyway. The alleyway was blocked by a high metal gate and plaintiff was unable to reenter the building as the door locked behind him. He attempted to scale the gate and severely injured his finger when a ring caught on one of its pickets. Again, we dismissed the complaint, reasoning that "there was no causal relationship between any duty on the part of defendants with respect to providing adequate and safe means of exit and the injuries sustained by plaintiff. Defendants could not reasonably have foreseen that a person in the circumstances in which plaintiff found himself would attempt to climb the fence. Plaintiff was not in an emergent situation. He was in a position of absolute safety, although subjected to inconvenience" (13 AD2d, at p 696).[2]

As in *Gootkin* and *Guida,* the plaintiff's conduct was unforeseeable and independent of defendant's breach of duty. The failure of the defendant to properly anchor the ladder had nothing to do with plaintiff's attempt to reach

---

**2.** Plaintiff's attempt to distinguish *Guida v 154 West 14th St. Co.* (13 AD2d 695, affd 11 NY2d 731) on the basis that it did not involve a Labor Law violation is not persuasive. Our decision in *Guida* hinged on proximate cause, not the nature of the duty owed to the plaintiff. The outcome would have been the same if the defendants there had been under such a statutory, rather than a common-law, duty, since proximate cause must be established in either case (see *Parsolano v County of Nassau,* 93 AD2d 815, 817; Harper, Liability Without Fault and Proximate Cause, 30 Mich L Rev 1001).

the street via the rope (*Gootkin v Uniform Print. & Supply Co., supra*). Plaintiff was not in an emergency situation and had he waited or asked a passerby to summon aid, he would not have been injured (*Guida v 154 West 14th St. Co., supra*). It was simply not foreseeable that he would attempt to extricate himself in the manner chosen. In short, the violation of the statute merely furnished the occasion for the accident to occur, rather than its proximate cause (*Margolin v Friedman,* 43 NY2d 982, 983; *Sheehan v City of New York,* 40 NY2d 496, 503; *Stone v Williams,* 97 AD2d 509).

Nor do we perceive any other basis in public policy to fashion liability on the defendant. The duty to insure safety legislatively imposed by subdivision 1 of section 240 of the Labor Law extends only to risks normally associated with a statutory violation (cf. *DiCaprio v New York Cent. R. R. Co.,* 231 NY 94). As the Appellate Division, Fourth Department, recently observed, "[t]hat section benefits only those persons injured by a fall from an elevated height due to a lack of, or defective, safety devices designed to prevent such a fall" (*Van Slyke v Niagara Mohawk Power Corp.,* 93 AD2d 990, 991, affd in part, app dsmd in part 60 NY2d 774). Inasmuch as plaintiff was not injured in a fall from an unsecured ladder or platform which gave way while he was standing on it (cf. *Glielmi v Toys "R" Us,* 94 AD2d 663) and was not struck by a falling ladder or platform (cf. *DeHaen v Rockwood Sprinkler Co.,* 258 NY 350), he is not within the ambit of the statutory protection. " 'While section 240 [of the Labor Law] is to be liberally construed, that does not mean that it should be implemented by decisional law so as to establish a cause of action and a right of recovery not contemplated by the Legislature' " (*DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 75, *supra,* quoting *Deso v Albany Ladder Co.,* 26 AD2d 182, 185).

For these reasons, the judgment should be affirmed, without costs or disbursements, with respect to Charles Mack, and the appeal should be dismissed, without costs or disbursements, as to Jeanne Mack, for lack of standing.

LAZER, THOMPSON and BOYERS, JJ., concur.

Appeal by the plaintiff wife dismissed, without costs or disbursements.

Judgment otherwise affirmed, without costs or disbursements.