■ Mirdza P. Dembo et al., Appellants, v Leonids Blumenaus et al., Respondents. — Order unanimously reversed, with costs, and motion denied. Memorandum: Plaintiffs, the daughter and sister of the decedent, seek to impose a constructive trust upon moneys from the decedent's estate. The estate passed to the defendants, who were relatives of the decedent. Special Term should not have granted summary judgment to the defendants because there are triable issues of fact concerning decedent's intent and whether defendants promised the decedent that they would transfer the estate to the plaintiffs when it was safe to do so (see *Zuckerman v City of New York,* 49 NY2d 557, 562). Plaintiffs have produced evidentiary proof in the form of letters from the decedent to the plaintiffs in which the decedent specifically mentioned the promise alleged in plaintiffs' complaint and explained that he did not devise his estate directly to the plaintiffs because he was afraid that the moneys would be confiscated by the Communist regime under which plaintiffs lived at the time the will was drafted (see *Trustees of Amherst Coll. v Ritch,* 151 NY 282, 324-327; *Tebin v Moldock,* 19 AD2d 275, mod as to extent of remedy only and affd 14 NY2d 807; *Matter of Philippson,* 92 Misc 2d 84, 87). (Appeal from order of Supreme Court, Monroe County, Tillman, J. — summary judgment.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.

■ John Hunt, Respondent, v Werner Spitz Construction Company, Inc., et al., Appellants and Third-Party Plaintiffs. Railing Supply Company, Inc., Third-Party Defendant-Appellant. (Appeal No. 1.) — Order and judgment unanimously affirmed, with costs. Memorandum: Plaintiff was injured when he fell 25 feet to the ground from the roof of a building upon which he was welding. Trial Term correctly set aside the verdict and found defendants liable under subdivision 1 of section 240 of the Labor Law. The failure to furnish a device "which shall be so constructed, placed and operated as to give proper protection" violates the command of the statute (Labor Law, § 240, subd 1). A violation of this statute affixes absolute liability upon contractors and owners (see *Long v Forest-Fehlhaber,* 55 NY2d 154; *Haimes v New York Tel. Co.,* 46 NY2d 132; *Brant v Republic Steel Corp.,* 91 AD2d 841, app dsmd 59 NY2d 761; *La France v Niagara Mohawk Power Corp.,* 89 AD2d 757, app dsmd 58 NY2d 747). Nor does plaintiff's failure to use his own safety belt provide a viable defense to this statute (see *Rea v Elia Bldg. Co.,* 79 AD2d 1102). We have examined defendants' other arguments and find them without merit. (Appeal from order and judgment of Supreme Court, Monroe County, Pine, J. — set aside verdict.) Present — Dillon, P. J., Hancock, Jr., Green, O'Donnell and Schnepp, JJ.