■ KENNETH D. KLIEN et al., Appellants-Respondents, v GENERAL FOODS CORPORATION, Defendant and Third-Party Plaintiff-Respondent-Appellant. B. G. COSTICH AND SONS, INC., Third-Party Defendant-Respondent.—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following memorandum: Special Term erroneously denied plaintiff's motion for partial summary judgment on the issue of liability on the grounds that there were triable issues of fact as to whether any alleged violation of Labor Law § 240 was the proximate cause of plaintiff's injuries. It is undisputed that plaintiff was injured when he fell while attempting to descend from an elevated work platform in the course of performing remodeling work in a building owned by defendant General Foods. The platform on

which he was working had been raised above the ground by a forklift truck. It is reasonably foreseeable that plaintiff would be required to get down once he completed the work.

A violation of the duty imposed by Labor Law § 240, which is designed to protect employees working on scaffolding and other elevated structures, imposes absolute liability on an owner or contractor regardless of degree of its control over the work *(Haimes v New York Tel. Co.,* 46 NY2d 132; *Lockwood v National Valve Mfg. Co.,* 143 AD2d 509; *Heath v Soloff Constr.,* 107 AD2d 507, 510; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 74, *lv dismissed* 60 NY2d 554). Plaintiff, an ironworker required to work on an elevated work platform, was clearly a member of a class for whose benefit the statute was enacted. Plaintiff was injured when a stepladder, located in proximity to the elevated platform, slipped as he attempted to get down, causing him to fall. There is clearly a violation of defendant's statutory duty to insure that ladders and other safety devices be so "placed * * * as to give proper protection to a person so employed" (Labor Law § 240 [1]; *see, Bland v Manocherian,* 66 NY2d 452; *Heath v Soloff Constr., supra).* The fact that plaintiff's own negligence in choosing this particular method of descending from the elevated work site may have contributed to his accident is immaterial and is not a defense to the imposition of absolute liability *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522, *rearg denied* 65 NY2d 1054; *Heath v Soloff Constr., supra,* at 510-511). (Appeals from order of Supreme Court, Livingston County, Cicoria, J.—partial summary judgment.) Present— Callahan, J. P., Doerr, Boomer, Lawton and Davis, JJ.