■ NATHANIEL HAGINS et al., Appellants, v STATE OF NEW YORK, Respondent. (Claim No. 77002.)—Order reversed on the law with costs and motion granted. Memorandum: Claimant was injured when he fell from an elevated work site while working on construction of a ramp and bridge on the Inner Loop roadway in Rochester, New York. Claimant, a laborer assigned to assist carpenters working on a scaffold on the east abutment wall, was directed to obtain a long narrow board located across the highway. Claimant walked across the bridge overpass, which was also under construction and which spanned the roadway. He procured the board and, as he was walking back on top of the west abutment wall, fell approximately 15 feet to the ground.

The court erred in denying claimant's motion for partial summary judgment on liability under section 240 (1) of the Labor Law. It was reasonable for plaintiff to decide to walk on the wall rather than to try to cross the highway in order to retrieve the board. The court also erred in holding that there was an issue of fact whether the west abutment wall was part of claimant's work site to which the statute would apply. The west abutment wall was an integral part of the construction site and part of the work area as defined in the contract between the State and the injured claimant's employer. Indeed, at the time of the accident, employees were engaged in backfilling this wall near the area where the fall occurred. Whether claimant may have disobeyed an earlier warning or was negligent in selecting a particular route to obtain the board is not a defense to the imposition of absolute liability *(see, Klien v General Foods Corp.,* 148 AD2d 968, 969). Since claimant fell from an elevated work site which was not equipped with guardrails or other safety devices, the State, as owner of the construction site, is absolutely liable for his

injuries *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 521-522, *rearg denied* 65 NY2d 1054; *Heath v Soloff Constr.,* 107 AD2d 507, 510).

All concur, except Boomer and Balio, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Balio, JJ. (dissenting). In our view, the Court of Claims properly concluded that factual issues were presented whether the abutment wall was part of the work site at the time of claimant's injury and that partial summary judgment should be denied. Accordingly, we respectfully dissent.

The record, viewed in the light most favorable to the party resisting the summary judgment application *(see, Robinson v Strong Mem. Hosp.,* 98 AD2d 976), reveals that claimant was asked to obtain a 16-foot-long board; that in directing claimant to procure the board, the supervisor did not direct that claimant take any particular route or obtain the board from any particular area of the site; that claimant was aware that boards had been piled across the highway and decided to walk from scaffolding onto an unfinished abutment wall to reach the pile of boards; that the highway was closed to traffic that day, and claimant could have crossed the closed highway at ground level; that the top of the wall was some 18 inches wide, with numerous rebar rods protruding upward from the top surface; that girders had been installed, but decking had not been installed; and that because the wall and girders were not readied as a platform or walkway, no workers were present on the wall or girders, no workers had walked on the wall, and workers, including claimant, had been told repeatedly to stay off the wall and girders. No guardrails or other safety devices had been installed for the reason that no work was being performed there and no workers were to be there.

We agree that the abutment wall and girders were part of the over-all construction project. There is, however, no provision in sections 200, 240 or 241 of the Labor Law which prevents an owner or contractor from excluding workers from a particular portion of construction project, or from directing workers not to walk in a certain area *(see, Borshowsky v Altman & Co.,* 280 App Div 599, *affd* 306 NY 798). At the very least, a factual issue exists whether the abutment wall and girders constituted part of claimant's work area at the time of the accident. Moreover, even if the abutment wall and girder structure were, at some future time, intended to be used as part of claimant's work area or as a passageway, a factual issue was raised concerning whether it had been completed for such purposes when the accident occurred.

It is a familiar rule that on summary judgment motions, the judicial role is issue finding, not issue resolution (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395; Chase v Skoy, 146 AD2d 563, appeal dismissed 73 NY2d 995; Pantote Big Alpha Foods v Schefman, 121 AD2d 295; Keith v Houck, 88 AD2d 763). The majority's finding that it was reasonable for claimant to walk upon the unfinished top of the abutment wall with rods protruding through the surface, thereby disregarding specific and repeated directions not to go on the wall, rather than to cross at ground level a highway closed to vehicular traffic, resolved a factual issue that should have been submitted to the trier of fact. Lastly, the issue is not one of negligence in selecting a particular route amongst several alternatives (see, Klien v General Foods Corp., 148 AD2d 968, 969). Walking upon the unfinished wall was not an alternative route available to claimant. (Appeal from order of Court of Claims, Corbett, J.—partial summary judgment.) Present—Dillon, P. J., Boomer, Green, Pine and Balio, JJ.