◼ MAE E. ALLEN, Individually and as Executrix of GORDON C. ALLEN, Deceased, Appellant, v CITY OF BUFFALO et al., Respondents. MAE E. ALLEN, Individually and as Executrix of GORDON C. ALLEN, Deceased, Appellant, v CITY OF BUFFALO PUBLIC WORKS DEPARTMENT et al., Respondents, et al., Third-Party Plaintiff, et al., Third-Party Defendant.—Order reversed on the law without costs and motion granted. Memorandum: Supreme Court erroneously denied plaintiff's motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1). The record establishes that the field of approximately 50 manholes over the compartments of the north coagulation basin was part of the over-all worksite (see, Hagins v State of New York, 159 AD2d 941). On December 16, 1985, the date of decedent's fall, many of the manholes were uncovered or partially covered. Decedent and his crew reached their subterranean work area initially by walking along the perimeter of the field and then traversing the field until they reached the specific manhole through which they were to descend to the work area. It is undisputed that decedent and his crew were able to gain access to the work area only by climbing down ladders placed at the opening of the uncovered manholes (see, Klien v General Foods Corp., 148 AD2d 968). A heavy snowstorm began early on the morning of December 16, 1985; by late afternoon, snow covered the manholes so they could not be seen from the surface. Under these circumstances, the uncovered manhole through which decedent fell was an elevated worksite. Accordingly, absolute liability

should be imposed under Labor Law § 240 (1) because decedent's death was the result of a fall from an elevated worksite and there were no safety or protective devices in place at the time of his fall *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521, *rearg denied* 65 NY2d 1054; *Joyce v Rumsey Realty Corp.,* 17 NY2d 118; *Heath v Soloff Constr.,* 107 AD2d 507, 511-512).

All concur, except Pine and Balio, JJ., who dissent and vote to modify the order, in the following memorandum.

Pine and Balio, JJ. (dissenting). This department consistently has interpreted Labor Law § 240 (1) to encompass injuries to workers sustained either in a fall from scaffolding or some other elevated platform or when struck by objects that fall from such a platform *(see, for example, Fox v Jenny Eng'g Corp.,* 122 AD2d 532, *affd* 70 NY2d 761; *Siragusa v State of New York,* 117 AD2d 986, *lv denied* 68 NY2d 602; *DaBolt v Bethlehem Steel Corp.,* 92 AD2d 70, 74, *lv dismissed* 60 NY2d 554, 701). Today's holding, as we see it, constitutes a significant departure from that precedent, and because the departure is unexplained and wholly irreconcilable with our previous decisions, we must dissent.

Allen Marine Services, Inc. was employed to replace six sluice gates in two subterranean coagulation basins at a water filtration plant. Some 40 to 50 manholes were constructed in the ground surface over each basin. On December 16, 1985, Gordon Allen and his construction crew were working in a section of the south basin. A heavy snowstorm began that morning, and during the afternoon, Allen left the work area to move his truck so that it would not be stuck in the snow. His body was found hours later on the floor of the north basin some 40 feet below an uncovered manhole. That uncovered manhole was situated two sections to the north of the area where the crew was working, or, as revealed by EBT exhibit 17, a distance of at least 100 feet. Plaintiff concedes that no work was being performed in the north basin that day.

We agree with the majority that the north and south basins were part of the construction site. No work, however, was to be performed on or from any of the manholes; a few of the manholes were to be used by the workers to access those portions of the basins containing the sluice gates. To gain access to the basins, the construction crew would walk along the perimeter of the field until it reached the manhole closest to the work. There is no evidence in the record that the manhole where Allen fell was to be used to gain access to the north basin for the performance of work.

The logic of our prior decisions leads to the conclusion that the manholes did not constitute an elevated platform. In *Fox v Jenny Eng'g Corp.* (122 AD2d 532, *supra*), workers were constructing a sewer tunnel. A worker standing on a tunneling machine was injured when a rock fell from the ceiling of the tunnel. This court concluded that the tunnel ceiling was not an elevated worksite. More recently, in *Staples v Town of Amherst* (146 AD2d 292), we cited *Fox* and other cases as a basis for concluding that Labor Law § 240 (1) did not apply to the cave-in of a trench wall upon workers in the trench. The ceiling in *Fox* and the trench wall in *Staples* clearly were part of the construction site, and the rock or dirt fell from an elevation. Those areas were not, however, elevated worksites because "the devices enumerated in the statute [Labor Law § 240 (1)] all commonly relate to the elevation of workers and their materials at construction sites" *(Staples v Town of Amherst, supra,* at 300). Neither the ceiling nor the trench wall was an elevated platform created for workers or their materials. Similarly, the manhole in this case did not constitute an elevation for workers or their materials.

It appears that the majority concludes that a device mentioned in the statute, i.e., a ladder, was required to gain access to the subterranean basins, and that, therefore, the manhole became an elevated worksite within the meaning of Labor Law § 240 (1) *(cf., Klien v General Foods Corp.,* 148 AD2d 968). In our view, the necessity of using a ladder or some other device to perform the work is irrelevant in assessing whether the area from which a worker fell was an elevated platform existing for the performance of work. This court explicitly rejected that rationale by declining to follow *Dougherty v State of New York* (113 AD2d 983) when it decided *Staples v Town of Amherst (supra,* at 300). Moreover, there is no evidence that the absence of a ladder at the subject manhole was a proximate cause of the fall or injuries to decedent. This case is not factually analogous to *Klien v General Foods Corp. (supra),* where the worker fell from a platform raised above the ground by a forklift truck.

We would modify the order to grant summary judgment in defendants' favor dismissing the Labor Law § 240 cause of action. (Appeal from order of Supreme Court, Erie County, Forma, J.—summary judgment.) Present—Callahan, J. P., Denman, Pine, Balio and Davis, JJ.