■ CHRISTOPHER MARTIN, Respondent, v BLUE CROSS AND BLUE SHIELD OF CENTRAL NEW YORK, INC., Appellant, et al., Defendant.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court erred in denying the motion of defendant Blue Cross and Blue Shield of Central New York, Inc. Where the provisions of an insurance contract are clear and unambiguous, they must be enforced as written (see, State of New York v Home Indem. Co., 66 NY2d 669, 671; Breed v Insurance Co., 46 NY2d 351, 355, rearg denied 46 NY2d 940; Venigalla v Penn Mut. Ins. Co., 130 AD2d 974, 975, lv dismissed 70 NY2d 747). Defendant met all of its statutory and contractual obligations to give notice of termination of the group health insurance policy, which terminated automatically as of the due date (May 1, 1988) because of the failure of plaintiff's employer to pay the premium due. Furthermore, plaintiff admits that he received a notice of conversion which defendant mailed on or about November 28, 1988, and did not avail himself of the opportunity to convert to a direct payment contract. Where, as here, an insurer has erroneously paid benefits on behalf of its insured under a mistake of fact, the insurer is entitled to restitution from the insured (see, Blue Cross v Wheeler, 93 AD2d 995). (Appeal from order of Supreme Court, Onondaga County, Miller, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

■ JAMES SERINO, Respondent, v MILLER BREWING COMPANY, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. RILEY STOKER CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Appeal No. 1.) —Order unanimously affirmed without costs. Same memorandum as in Serino v Miller Brewing Co. ([appeal No. 2] 167 AD2d 917 [decided herewith]). (Appeal from order of Supreme Court, Oswego County, Miller, J.—amended complaint.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.