■ JAMES SERINO, Respondent, v MILLER BREWING COMPANY, Appellant and Third-Party Plaintiff-Appellant, et al., Defendant. RILEY STOKER CORPORATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. (Appeal No. 1.)—Order unanimously affirmed without costs. Same memorandum as in Serino v Miller Brewing Co. ([appeal No. 2] 167 AD2d 917 [decided herewith]). (Appeal from order of Supreme Court, Oswego County, Miller, J.—amended complaint.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.

unanimously modified on the law and as modified affirmed without costs and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Miller Brewing Company contracted with Riley Stoker Corporation for the design and installation of a coal steam-generating unit at the Miller Brewing powerhouse building in Fulton, New York. Riley Stoker agreed, as part of its duties, to supervise and direct all of the work at the site, and to "be solely responsible for all construction means, methods, techniques, sequences and procedures". Riley Stoker also agreed to indemnify Miller Brewing from any judgments and claims, including expenses, legal fees and costs, resulting from bodily injuries sustained by its employees "arising out of or in any way connected with the work done" by Riley Stoker. Plaintiff, an employee of Riley Stoker, was carrying a plank which was to be placed on some scaffolding on the second floor of the powerhouse when one of his legs fell through an 18-inch-wide hole in the floor. It appears that holes had been drilled at various locations in the flooring by electricians and that the subject hole was not covered nor were any safety devices provided to protect against a fall through the hole. Plaintiff commenced an action against Miller Brewing, seeking damages for common-law negligence and violations of sections 200, 240 (1) and 241 (6) of the Labor Law. Miller Brewing instituted a third-party action against Riley Stoker, seeking common-law and contractual indemnification, including costs and attorney fees. Following joinder of issue, Miller Brewing moved for summary judgment dismissing the Labor Law § 240 (1) cause of action upon the grounds that plaintiff was not working on an elevated structure at the time of his accident and his injuries did not result from the absence of any protective devices required by the statute. Subsequently, Miller Brewing moved for summary judgment in its favor on the third-party action for common-law and contractual indemnification. Supreme Court denied Miller's motion on the Labor Law § 240 (1) cause of action, and also denied plaintiff partial summary judgment as to liability on that claim. The court denied Miller's motion for judgment on the third-party action.

The uncontroverted facts in this record reveal that the second floor was part of the construction site and that holes were drilled at various locations in the floor as part of the construction project. The floor constituted an elevated worksite, and because plaintiff fell from that elevated worksite and no safety or protective devices were in place at the time of his accident, the court should have granted summary judgment in

plaintiff's favor on his section 240 (1) cause of action against Miller Brewing *(see, Hunt v Werner Spitz Constr. Co.,* 99 AD2d 671, *affd* 65 NY2d 513; *Allen v City of Buffalo,* 161 AD2d 1134; *Hagins v State of New York,* 159 AD2d 941).

The court also erred in denying Miller's application for partial summary judgment on the third-party action against Riley Stoker. The injury suffered by plaintiff fell within the clear and unambiguous terms of Riley Stoker's indemnification agreement. Under the circumstances of this case, Miller Brewing was entitled to full contractual indemnity, including attorney fees and litigation costs and expenses *(see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777; *Schwalm v County of Monroe,* 158 AD2d 994) as well as common-law indemnity *(see, Kelly v Diesel Constr. Div.,* 35 NY2d 1, 6). Accordingly, we modify the order to grant plaintiff partial summary judgment on his Labor Law § 240 (1) cause of action against Miller Brewing and to grant defendant Miller partial summary judgment on its third-party action for indemnification. The matter is remitted for further proceedings on the issue of damages, attorney fees and expenses, and other issues not presented on this appeal.

The court properly exercised its discretion in granting plaintiff's application to amend his complaint to increase the ad damnum clause, and we affirm that order. (Appeal from order of Supreme Court, Oswego County, Miller, J.—summary judgment.) Present—Callahan, J. P., Doerr, Boomer, Green and Balio, JJ.