■ DANIEL SPANO, Appellant, v STEPHEN MELI, Doing Business as APEX MAINTENANCE CONTRACTORS, Defendant, and CORPUS CHRISTI CHURCH, Respondent. (Appeal No. 1.)—Order unanimously modified on the law and as modified affirmed without costs, in accordance with the following Memorandum: Supreme Court erroneously dismissed plaintiff's claim against defendants under Labor Law § 240 (1). The court further erred in denying plaintiff's cross motion for partial summary judgment on the issue of liability with respect to his claim under that statute. Absolute liability is imposed on defendants, the owner and contractor, where, as here, plaintiff was engaged in the performance of his work at the time he fell from an elevated worksite (see, Collins v County of Monroe Indus. Dev. Agency, 167 AD2d 914; Allen v City of Buffalo, 161 AD2d 1134) and there were no safety or protective devices in place at the time of his fall (see, Bland v Manocherian, 66 NY2d 452; Zimmer v Chemung County Performing Arts, 65 NY2d 513, rearg denied 65 NY2d 1054; Allen v City of Buffalo, supra).

Supreme Court properly granted summary judgment dismissing plaintiff's claim under Labor Law § 241 (6) because plaintiff failed to advance a plausible claim under this statute (see generally, DaBolt v Bethlehem Steel Corp., 92 AD2d 70, 73, lv dismissed 60 NY2d 554). Plaintiff's claim under Labor Law § 200 was also properly dismissed because there has been no showing that defendants were negligent or that they had actual or constructive notice of an unsafe condition causing the accident (see, DaBolt v Bethlehem Steel Corp., supra, at 73).

Finally, we note that the propriety of the order of Supreme Court granting summary judgment to the third-party defendant, P.D.S. Contracting Co., Inc., against defendant and third-party plaintiff, Stephen Meli, doing business as Apex Maintenance Contractors is not properly before us on this appeal.

(Appeal from Order of Supreme Court, Erie County, Joslin, J. —Summary Judgment.) Present—Callahan, J. P., Denman, Balio, Lawton and Davis, JJ.