■ ANN MASSIO, Respondent v PERGAMENT DISTRIBUTORS, INC., et al., Appellants.—In a negligence action to recover damages for personal injuries, the defendants appeal from an interlocutory judgment of the Supreme Court, Westchester County (Donovan, J.), entered March 28, 1990, which, upon a jury verdict, found the plaintiff 45% at fault and the defendants 55% at fault in the happening of the accident.

Ordered that the interlocutory judgment is affirmed, with costs.

On the morning of December 27, 1982, the plaintiff went into the defendants' store to purchase wallpaper. The plaintiff walked down the first aisle, directly ahead of the entrance, which was blocked by five or six workers and a ladder. However, the customers could still gain access to the rest of the store by turning around toward the entrance and then walking up another aisle. Instead, the customers gained access to the second aisle of the store by walking across an empty wooden platform, approximately five inches high, normally used to display merchandise. As the plaintiff walked across

this platform, the heel of her left foot hit the edge of the platform and she fell on her hands and knees.

After a bifurcated trial on the issue of liability, a jury returned a verdict finding the plaintiff 45% at fault and the defendants 55% at fault in the happening of the accident.

On appeal, the defendants argue, *inter alia,* that the plaintiff's case should have been dismissed, as a matter of law, since the plaintiff failed to make a prima facie showing that the defendants' negligence was a proximate cause of her injuries. The defendants claim that it was entirely unforeseeable that the plaintiff would walk on the platform, which was clearly reserved to display merchandise, when she could have gained access to the rest of the store by turning around, walking back toward the entrance, and then walking up another aisle. We disagree.

The question of whether the plaintiff's conduct warrants dismissal of the action should only be resolved by the court, as a matter of law, when it is clear that the only cause of an accident was the conduct of the plaintiff which was both reckless and unforeseeable *(see, Derdiarian v Felix Contr. Corp.,* 51 NY2d 308; *Boltax v Joy Day Camp,* 67 NY2d 617; *Howard v Poseidon Pools,* 72 NY2d 972; *Kriz v Schum,* 75 NY2d 25; *Mack v Altmans Stage Light Co.,* 98 AD2d 468). It was a foreseeable consequence of the defendants' failure to warn or prevent customers from crossing the platform, that the plaintiff would, upon finding the aisle blocked, cross over the platform instead of turning around and walking back toward the entrance. Therefore, since the plaintiff's action was neither reckless nor unforeseeable, the court properly submitted the case to the jury *(see, Derdiarian v Felix Contr. Co., supra; Kriz v Schum, supra; cf., O'Connor v 1751 Broadway,* 1 AD2d 836, *affd* 2 NY2d 769; *Guida v 154 W. 14th St. Co.,* 13 AD2d 695, *affd* 11 NY2d 731; *Mack v Altmans Stage Light Co., supra).*

Further, there is a reasonable interpretation of the evidence which supports the jury's determination of liability. Thus, the verdict should not be set aside *(see, Cohen v Hallmark Cards,* 45 NY2d 493; *Nicastro v Park,* 113 AD2d 129; *Datiz v Shoob,* 125 AD2d 628, *affd* 71 NY2d 867).

We have considered the defendants' remaining contentions and find that they are without merit. Bracken, J. P., Sullivan, Eiber and Pizzuto, JJ., concur.