21-1095-bk

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of June, two thousand twenty-three.

PRESENT:
>       **RICHARD C. WESLEY,**
>       **MICHAEL H. PARK,**
>       **MYRNA PÉREZ,**
>               *Circuit Judges.*

_____

**In Re: Sears Holdings Corporation,**
>       *Debtor.*

*****************************************

**Brian Coke Ng,**

>       *Appellant,*

>       **v.**                                                                  **21-1095**

**PDX, Inc., National Health Information Network, Inc.,**

>       *Appellees.*

_____

**FOR APPELLANT:**                    Brian Coke Ng, pro se, New York, NY.

**FOR APPELLEES:**                    Julie Cvek Curley, Kirby, Aisner & Curley LLP, Scarsdale, NY.

Appeal from an order of the United States District Court for the Southern District of New York (Karas, *J.*) affirming an order of the United States Bankruptcy Court for the Southern District of New York (Drain, *B.J.*) dismissing a complaint.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the district court is **AFFIRMED**.

Appellant Brian Coke Ng, proceeding pro se, appeals the district court's affirmance of the dismissal of his tort claims against PDX, Inc. and National Health Information Network, Inc. ("Appellees"). Ng alleged injuries in an adversary proceeding in bankruptcy court after he discovered that some of his old medical records, for which Appellees supplied software, had inconsistencies, omissions, and incomplete warnings regarding medications. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

We review bankruptcy court orders that have been appealed to the district court independently, reviewing factual findings for clear error and conclusions of law de novo. *See In re Lehman Bros. Holdings Inc.*, 761 F.3d 303, 308 (2d Cir. 2014). The sufficiency of a complaint in an adversary proceeding is evaluated under Federal Rule of Civil Procedure 12(b)(6). Fed. R. Bankr. P. 7012(b). We review Rule 12(b)(6) dismissals for failure to state a claim *de novo*. *See In re Lehman Bros. Holdings Inc.*, 970 F.3d 91, 98 (2d Cir. 2020) (per curiam). To survive a motion to dismiss, a complaint must contain sufficient facts, accepted as true and with reasonable inferences drawn in the plaintiff's favor, to state a plausible claim to relief. *Hamilton v. Westchester County*, 3 F.4th 86, 90–91 (2d Cir. 2021). We also construe Ng's pro se filings to raise the strongest arguments that they suggest. *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 156 (2d Cir. 2017).

## I. Intentional Infliction of Emotional Distress

To state a claim for intentional infliction of emotional distress ("IIED") under New York law, a plaintiff must plausibly allege "(1) extreme and outrageous conduct, (2) intent to cause severe emotional distress, (3) a causal connection between the conduct and the injury, and (4) severe emotional distress." *Bender v. City of New York*, 78 F.3d 787, 790 (2d Cir. 1996). "Extreme and

3

outrageous" conduct is "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Specht v. City of New York*, 15 F.4th 594, 606 (2d Cir. 2021) (internal quotation marks and citation omitted).

The allegations here—that Appellees' software program caused Ng to view incomplete and incorrect medical records years after the fact—fall short of the "extreme and outrageous" conduct needed to make out an IIED claim. Ng also fails to allege that Appellees intended to cause severe emotional distress. The bankruptcy court correctly dismissed Ng's IIED claim.

## II. Products Liability

In New York, to establish a design defect, a plaintiff must "present evidence that the product, as designed, was not reasonably safe because there was a substantial likelihood of harm and it was feasible to design the product in a safer manner." *Voss v. Black & Decker Mfg. Co.*, 59 N.Y.2d 102, 108 (1983). "Additionally, to establish a prima facie case, the plaintiff is required to show that the defectively designed product caused his injury and that the defect was the proximate cause of the injury." *Id.* at 109; *see also Doomes v. Best Transit Corp.*, 17

4

N.Y.3d 594, 608 (2011).

Ng fails to allege that any design defect was the proximate cause of his injuries. "[I]f, with the benefit of hindsight, it appears highly extraordinary that defendant's act should have brought about the harm, the act will not be considered a proximate cause." *Mack v. Altmans Stage Lighting Co.*, 98 A.D.2d 468, 471 (2d Dep't 1984). Ng has not alleged that the lack of warnings led him to take medications that harmed him. Instead, he alleges that his mere knowledge of the lack of warnings and incomplete medical records led to his injuries. It is not reasonably foreseeable that the mere knowledge of such defects would cause the type of injuries Ng alleges.

**III.   Negligence**

To show negligence under New York law, a plaintiff must demonstrate "(1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Williams v. Utica Coll. of Syracuse Univ.*, 453 F.3d 112, 116 (2d Cir. 2006) (internal quotation marks and citation omitted).

Because Ng does not plausibly allege that Appellees' actions were a proximate cause of his injuries, his negligence claim fails.

## IV. Due Process

Ng was not deprived of due process by the bankruptcy court. Due process requires "that a person in jeopardy of serious loss be given notice of the case against him and opportunity to meet it." *Spinelli v. City of New York*, 579 F.3d 160, 169 (2d Cir. 2009) (internal quotation marks and alterations omitted). Ng does not dispute that he was given notice of the hearing he missed. Nor does he contest that he received an opportunity to argue his case before the bankruptcy court on his motion for reconsideration. And he was able to brief his case before the bankruptcy court.

We have considered Ng's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court affirming the order of the bankruptcy court dismissing Ng's complaint.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6