■ JOSEPH ARMSTRONG et al., Appellants, v SHERRILL-KENWOOD WATER DISTRICT, Respondent and Third-Party Plaintiff. NATGUN, Third-Party Defendant-Respondent and Fourth-Party Plaintiff; KIME's TRUE VALUE, INC., Fourth-Party Defendant-Respondent.—Order unanimously reversed on the law without costs and motion granted. Memorandum: Plaintiffs commenced this action against defendant, alleging a violation of Labor Law § 240 (1) for which they sought damages for injuries suffered by plaintiff Joseph Armstrong, when he fell approximately 25 feet from the top of a water tank then under construction. Plaintiffs moved for partial summary judgment on the issue of liability and their motion was denied. We reverse and grant plaintiffs' motion.

In order to establish a claim under Labor Law § 240 (1), a plaintiff must prove both a violation of the statute and that the violation was a proximate cause of his injury *(Duda v Rouse Constr. Corp.,* 32 NY2d 405, 410; *Amedure v Standard Furniture Co.,* 125 AD2d 170). Plaintiffs' unrebutted proof demonstrates that the guardrails provided were inadequate to withstand the weight of a worker and thus did not afford him proper protection. Plaintiffs further demonstrated that defendant failed to provide safety devices as required by the statute *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513). The mere presence of scaffolding and safety belts on the jobsite is insufficient to satisfy the statutory mandate *(see, Heath v Soloff Constr.,* 107 AD2d 507).

Plaintiffs have adequately demonstrated that defendant violated the statute and that the violation was a proximate cause of plaintiff Joseph Armstrong's injury. Defendant has failed to offer evidentiary proof in admissible form that there are fact issues which require a trial *(Zuckerman v City of New York,* 49 NY2d 557, 562). (Appeal from order of Supreme Court, Oneida County, Shaheen, J.—summary judgment.) Present—Dillon, P. J., Doerr, Green, Balio and Davis, JJ.

■ GENEVIEVE J. BESNER et al., as Administratrices of the Estates of JAMES BESNER and Another, Deceased, and as Guardians of CHRISTIN L. BESNER and Others, et al., Respon-