■ Robert Goldbach et al., Appellants, v Erie County Industrial Development Agency, Respondent, and Buffalo China, Inc., Respondent, and Third-Party Plaintiff-Respondent. Volker Bros., Inc., Third-Party Defendant-Respondent.—Order unanimously reversed on the law with costs and plaintiffs' motion granted. Memorandum: Plaintiffs allege a violation of Labor Law § 240 (1) and seek damages for injuries suffered by plaintiff Robert Goldbach who fell from a scaffold while installing electrical wires during construction of an addition to a building owned by defendant Erie County Industrial Develop-

ment Agency (ECIDA). Special Term erred in denying plaintiffs' motion for partial summary judgment on the issue of liability.

Plaintiffs established a violation of the statute by showing that at the time of the injury Mr. Goldbach was performing installation work involving the danger of a fall from an elevated height *(see, Brant v Republic Steel Corp.,* 91 AD2d 841) and that ECIDA failed to provide Mr. Goldbach with proper safety devices to prevent such a fall *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, *rearg denied* 65 NY2d 1054). The scaffold did not provide proper protection, as a matter of law, because it had no safety rails or other safety devices *(see, Armstrong v Sherill-Kenwood Water Dist.,* 135 AD2d 1081; *Cartella v Strong Museum,* 135 AD2d 1089). The mere presence of scaffolding on the jobsite is insufficient to satisfy the statutory mandate *(Heath v Soloff Constr.,* 107 AD2d 507, 512). Moreover, there is no reasonable view of the evidence to support a finding that the absence of safety devices on the scaffold was not a proximate cause of Mr. Goldbach's injuries *(see, Zimmer v Chemung County Performing Arts, supra).* Thus, since defendant ECIDA has failed to offer evidentiary proof in admissible form that there are triable issues of fact, plaintiffs' motion for partial summary judgment as to liability under Labor Law § 240 (1) should have been granted. (Appeal from order of Supreme Court, Erie County, Fudeman, J.—summary judgment.) Present—Boomer, J. P., Green, Pine, Lawton and Davis, JJ.