ARLENE PRITCHARD, Individually and as Administratrix of the Estate of WALTER J. PRITCHARD, Deceased, Respondent, v MURRAY WALTER, INC., Appellant and Third-Party Plaintiff-Appellant-Respondent. BILL GARGANO, INC., Third-Party Defendant-Respondent-Appellant.—Harvey, J. Appeals from an order and judgment of the Supreme Court (Rose, J.), entered December 8, 1988 in Tioga County, which, *inter alia,* denied defendant's motion to dismiss so much of the first and third causes of action of the complaint as alleged common-law negligence and granted plaintiff's cross motion for partial summary judgment on the issue of liability.

Plaintiff's decedent sustained fatal injuries on May 17, 1985 when he fell over 30 feet to the ground through the floor of a scaffold that he was in the process of dismantling. Although the accident was unwitnessed, it appears that it occurred when decedent removed a section of the plywood scaffold flooring and then stepped into the resulting opening. It is undisputed that, aside from the scaffold decedent was working on, no other safety rails, belts, nets or other devices were present. Decedent had been working on the rehabilitation and addition of the fine arts building at the State University of New York at Binghamton in Broome County. Defendant served as the general contractor on the project. Defendant then entered into a subcontract with decedent's employer, third-party defendant, to install, *inter alia,* the sheetrock, acoustical tile, insulation and plaster in the new building.

Thereafter, plaintiff, on her own behalf and as administratrix of her late husband's estate, commenced this action against defendant under various theories, including common-law negligence and a violation of Labor Law § 240 (1). Defendant then impleaded third-party defendant seeking both contractual and common-law indemnity as well as contribution. Following completion of discovery, defendant moved for partial summary judgment seeking to dismiss plaintiff's common-law negligence cause of action and also seeking summary judgment on its contractual and common-law indemnity causes of action against third-party defendant. Plaintiff cross-moved for partial summary judgment against defendant on

her cause of action alleging violation of Labor Law § 240 (1). Supreme Court denied defendant's motion to dismiss plaintiff's negligence cause of action and also denied defendant's motion seeking common-law indemnity against third-party defendant. The court did, however, grant defendant's motion for contractual indemnity against third-party defendant. Plaintiff's motion for partial summary judgment on the Labor Law § 240 (1) claim was also granted. These appeals by defendant and third-party defendant then followed.

Initially, we reject the contention that Supreme Court erred in granting plaintiff partial summary judgment on the issue of defendant's liability pursuant to Labor Law § 240 (1). Pursuant to Labor Law § 240 (1), defendant, as general contractor, had the duty to furnish decedent with *"scaffolding,* hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, *and other devices which shall * * * give proper protection"* (emphasis supplied). The law is well settled that a breach of this duty will result in the imposition of absolute liability regardless of any contributory negligence of the employee *(see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 520-521). It is argued here that the scaffold decedent was dismantling sufficiently complied with the requirements of the statute or at least this possibility raised questions of fact sufficient to preclude summary judgment in plaintiff's favor. However, "the availability of a particular safety device will not shield an owner or general contractor from absolute liability if the device alone is not sufficient to provide safety without the use of additional precautionary devices or measures" *(Conway v New York State Teachers' Retirement Sys.,* 141 AD2d 957, 958-959). The only proper conclusion that can be reached on the evidence presented is that the scaffold from which decedent fell was inadequate in and of itself to protect decedent against hazards encountered while dismantling that same scaffold *(see, supra).* Defendant had to provide decedent with additional safety devices in order to satisfy its duty within the meaning of Labor Law § 240 (1) *(see, Conway v New York State Teachers' Retirement Sys., supra; cf., Goldbach v Erie County Indus. Dev. Agency,* 142 AD2d 948, *lv dismissed* 73 NY2d 865). Accordingly, we conclude that defendant's violation of Labor Law § 240 (1) proximately caused the accident and injuries. Partial summary judgment was properly granted.

Next, we find that Supreme Court did not err by failing to dismiss plaintiff's negligence cause of action. A contractor has the common-law duty to furnish a safe workplace, which is

codified under Labor Law § 200 *(Whitaker v Norman,* 146 AD2d 938, 939, *affd* 75 NY2d 779; *see, Russin v Picciano & Son,* 54 NY2d 311, 316-317). However, the duty of a "general contractor to provide a safe place to work is contingent upon contractual or other actual authority to control the activity in which the injury was sustained and prior notice of the unsafe condition" *(Mancini v Cappiello Realty Corp.,* 144 AD2d 154, 155, *lv denied* 73 NY2d 708). Here, the contract between defendant and third-party defendant states that defendant, as the general contractor, "shall be fully responsible for the administration, integration, coordination, direction and super-vision of all of his subcontractors and of all work". Because this language raises a question of fact as to the extent of defendant's control and supervision over the workplace, Su-preme Court was correct in denying defendant's motion for partial summary judgment.

We also find no error in Supreme Court's grant of partial summary judgment against third-party defendant for contrac-tual indemnity to defendant. The agreement between defen-dant and third-party defendant states that third-party defen-dant would indemnify defendant if third-party defendant's negligent acts or omissions caused an employee injury in whole or in part.* The language of the agreement clearly demonstrates that the parties intended that third-party defen-dant indemnify defendant under such circumstances as oc-curred in the instant case *(see, Drzewinski v Atlantic Scaffold & Ladder Co.,* 70 NY2d 774, 777). Because third-party defen-dant has made no showing of any active negligence on defen-dant's part which would limit defendant's claim for contrac-tual indemnity, there was no reason not to grant partial summary judgment at this juncture *(see, Walsh v Morse Diesel,* 143 AD2d 653, 656).

The remaining contentions of the parties have been exam-ined and found to be unpersuasive.

Order and judgment affirmed, with costs to plaintiff. Maho-ney, P. J., Kane, Casey, Weiss and Harvey, JJ., concur.

---

* Defendant does not dispute that it could not be indemnified for its own negligence *(see,* General Obligations Law § 5-322.1 [1]).