■ WALTER RADKA, Appellant, v MILLER BREWING, INC., Respondent and Third-Party Plaintiff-Respondent, E.J. BUTTON & SONS, INC., Respondent and Third-Party Plaintiff, and SVERDRUP & PARCEL CONSULTANTS, INC., Respondent and Third-Party Defendant-Respondent. IVERSON CONSTRUCTION CORPORATION, Third-Party Defendant-Respondent.—Order affirmed without costs. Memorandum: We affirm for reasons stated at Supreme Court (Falvey, J.). We add only that, as plaintiff testified at his examination before trial, he was walking alongside a trench when its bank gave way and he was precipitated down the steep slope into the excavation. Thus, at the time of the incident, plaintiff was not performing any task at an elevated worksite and was not exposed to the type of hazard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect

against (see, Rocovich v Consolidated Edison Co., 78 NY2d 509, 513-514; see also, Staples v Town of Amherst, 146 AD2d 292, 296 [holding that the statute benefits " 'only those persons injured by a fall from an elevated height due to a lack of, or defective, safety devices designed to prevent such a fall' "]).

All concur, except Callahan, J. P., and Davis, J., who dissent in part and vote to modify in the following Memorandum.

Callahan, J. P., and Davis, J. (dissenting in part). This court has consistently held that absolute liability should be imposed under Labor Law § 240 (1) when it is undisputed that a worker's injuries were the result of a fall from an elevated worksite and that there were no safety or protective devices in place at the time of his fall (see, Serino v Miller Brewing Co., [appeal No. 2], 167 AD2d 917, lv dismissed 78 NY2d 1008; Collins v County of Monroe Indus. Dev. Agency, 167 AD2d 914, lv dismissed 77 NY2d 874; Allen v City of Buffalo, 161 AD2d 1134; Staples v Town of Amherst, 146 AD2d 292; Goldbach v Erie County Indus. Dev. Agency, 142 AD2d 948, lv dismissed 73 NY2d 865; Armstrong v Sherrill-Kenwood Water Dist., 135 AD2d 1081; Heath v Soloff Constr., 107 AD2d 507; DaBolt v Bethlehem Steel Corp., 92 AD2d 70, lv dismissed 60 NY2d 554). In our view, the majority has departed from that precedent and, therefore, we respectfully dissent. Here, plaintiff was walking along the top edge of an open man-made trench en route to his assigned work area at the bottom of the trench when he slipped, fell approximately 8 to 10 feet to the bottom of the trench, and injured his right shoulder. The top of that trench was part of an elevated worksite (see, Allen v City of Buffalo, supra; Hagins v State of New York, 159 AD2d 941). Plaintiff averred, and it is undisputed, that "[i]n order to get into the section of the trench where [he] was assigned to work, [he] had to walk along the trench for about 150 feet to a point where the surface sloped down to the level about two feet above the trench bottom". The record establishes "that the owner and contractor violated [Labor Law § 240 (1)] by having failed to provide [plaintiff] with safety devices and that the violation was the proximate cause of his injury" (Heath v Soloff Constr., supra, at 512). The alternative argument of defendant, E.J. Button & Sons, Inc. (Button), that the grant of partial summary judgment to plaintiff is not appropriate because the manner in which the accident occurred is within the exclusive knowledge of plaintiff (see, Carlos v Rochester Gen. Hosp., 163 AD2d 894) is raised for the first time on appeal. Thus, that issue is not properly before us (see, Arvantides v Arvantides, 106 AD2d 853, 854, mod on other grounds

64 NY2d 1033). We would, therefore, modify Supreme Court's order to grant plaintiff's motion for partial summary judgment on the issue of liability on his Labor Law § 240 (1) cause of action and to deny the cross motion of defendant Button for summary judgment seeking dismissal of that cause of action. (Appeal from Order of Supreme Court, Yates County, Falvey, J.—Summary Judgment.) Present—Callahan, J. P., Boomer, Lawton, Boehm and Davis, JJ.