CARL P. MAZZU, Appellant-Respondent, v BENDERSON DEVELOPMENT COMPANY, INC., et al., Respondents, and BEAUTY POOLS, INC., Respondent-Appellant. BENDERSON DEVELOPMENT COMPANY, INC., Third-Party Plaintiff-Appellant, v MICHAEL K. BANAS et al., Individually and Doing Business as PRECISION HOME CONTRACTORS, Third-Party Defendants-Respondents. [637 NYS2d 540] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiff was employed as a carpenter's helper by third-party defendant Precision Home Contractors (Precision), a partnership that had a contract with defendant

and third-party plaintiff Benderson Development Company, Inc. (Benderson) to renovate the interior and exterior of its office building at the Dannybrook Apartment Complex. After replacing soffits and gutters on the overhang at the rear of the office building, plaintiff and a co-worker carried an aluminum scaffold to another portion of the building. Work was also being performed on an inground swimming pool under a separate contract between Benderson and defendant Beauty Pools, Inc. (Beauty Pools), which work included the removal, regrouting and replacing of the swimming pool coping. Beauty Pools provided the materials, but had subcontracted the repair and renovation work to defendant Leisure Craft. The swimming pool was about 22 feet from the rear of the office building. A chain link fence attached to the rear of the office building surrounded the perimeter of the swimming pool and the area where plaintiff was working. As plaintiff and the co-worker turned to go around the corner of the building, plaintiff's right foot came in contact with the edge of the pool. According to plaintiff, "the tile cracked from underneath me", and he fell about eight feet to the bottom of the pool. The swimming pool was not enclosed by ropes, railings or other barriers.

Plaintiff commenced this action against Benderson, Beauty Pools and Leisure Craft, asserting causes of action under Labor Law §§ 200, 240 (1) and § 241 (6) and for common-law negligence. Benderson and Beauty Pools each brought a third-party action against the partners of Precision, individually and doing business as Precision, for common-law indemnification and/or contribution.

Supreme Court denied plaintiff's motion for partial summary judgment against Benderson on the Labor Law § 240 (1) cause of action, granted the cross motions of Benderson, Beauty Pools, Leisure Craft and Precision for summary judgment dismissing plaintiff's Labor Law § 240 (1) and § 241 (6) causes of action, denied the cross motions of Benderson, Beauty Pools, Leisure Craft and Precision for partial summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action, and denied the cross motions of Benderson, Beauty Pools and Leisure Craft for partial judgment dismissing various cross claims of their codefendants.

Defendants' motions for summary judgment dismissing plaintiff's Labor Law § 240 (1) cause of action were properly granted (see, Panepinto v L.T.V. Steel Co., 207 AD2d 1006; Radka v Miller Brewing, 182 AD2d 1111). There is no basis to conclude that "plaintiff was * * * performing any task at an elevated work site * * * [was] * * * exposed to the type of haz-

ard that the use or placement of the safety devices enumerated in Labor Law § 240 (1) was designed to protect against" *(Radka v Miller Brewing, supra,* at 1111-1112; *see, Panepinto v L.T.V. Steel Co., supra).*

No party has argued that the court erred in dismissing the Labor Law § 241 (6) cause of action against Leisure Craft and Beauty Pools and, therefore, that issue is deemed abandoned *(see, Ciesinski v Town of Aurora,* 202 AD2d 984). The court should not, however, have dismissed plaintiff's Labor Law § 241 (6) cause of action against Benderson. Plaintiff has alleged that Benderson violated not only the general safety standards set forth in 12 NYCRR 23-1.5, but also the more specific standards set forth in 12 NYCRR 23-1.7 and 23-1.15. In relevant part, 12 NYCRR 23-1.7 (b) (1) provides: "(i) Every hazardous opening [a term not defined in the regulations] into which a person may step or fall shall be guarded by a substantial cover fastened in place or by a safety railing constructed and installed in compliance with this Part." 12 NYCRR 23-1.15 specifies the manner in which a safety railing is to be constructed. In light of the specific regulations alleged to have been violated and the undisputed fact that there was no barrier between the pool and the area of the office building where plaintiff was working, a prima facie Labor Law § 241 (6) cause of action against Benderson has been made out. An owner's responsibility under Labor Law § 241 (6) "extends not only to the point where the * * * work was actually being conducted, but to the entire site, including passageways * * * in order to insure the safety of laborers going to and from the points of actual work *(Nagel v Metzger,* 103 AD2d 1)" *(Sergio v Benjolo,* 168 AD2d 235, 236). The "lack of proximity" between the location of the accident and the location of the work does not preclude liability under the Labor Law *(Brogan v International Bus. Machs. Corp.,* 157 AD2d 76, 79; *see,* 12 NYCRR 23-1.4 [b] [13]). The appeal by Benderson from the denial of its motion for common-law indemnification against Precision is conditioned upon our reversing that part of the order denying plaintiff partial summary judgment on his Labor Law § 240 (1) and § 241 (6) causes of action. In the absence of a reversal, the issue of Benderson's entitlement to common-law indemnification must await the trial.

Beauty Pools has cross-appealed from that part of the order denying its motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action. Although Leisure Craft, in its brief, joins the position taken by Beauty Pools with respect to those causes of action, it failed to

cross-appeal and, therefore, has waived its right to appeal from that part of the order denying its cross motion for summary judgment dismissing plaintiff's Labor Law § 200 and common-law negligence causes of action (see, CPLR 5515 [1]). Because Beauty Pools was not engaged in the office building renovations and did not control or supervise plaintiff's work, summary judgment should have been granted dismissing the Labor Law § 200 cause of action against it (see, Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Russin v Picciano & Son, 54 NY2d 311, 317; Wright v Nichter Constr. Co., 213 AD2d 995). The court properly denied, however, the motion of Beauty Pools for summary judgment dismissing plaintiff's common-law negligence cause of action. There are questions of fact regarding the status of the swimming pool repair, whether the water had been drained from the pool on the date of the accident, the condition of the tiles or coping at the edge of the pool where plaintiff was walking when he fell, and whether Beauty Pools had actual or constructive notice of that condition. Although Leisure Craft, by agreement with Beauty Pools, assumed the responsibilities regarding the pool repair work, Beauty Pools provided the materials for the pool repair and its vice-president came to the job periodically to see how the work was progressing. Thus, summary judgment was properly denied (see, Magrath v Migliore Constr. Co., 139 AD2d 893, 893-894).

We, therefore, modify the order on appeal by denying that portion of the motion of Benderson for partial summary judgment dismissing the Labor Law § 241 (6) cause of action against it and granting that portion of the motion of Beauty Pools for summary judgment dismissing the Labor Law § 200 cause of action against it. (Appeals from Order of Supreme Court, Erie County, Whelan, J.—Labor Law.) Present—Lawton, J. P., Fallon, Callahan, Balio and Boehm, JJ.