■ VIKTOR LABODIN et al., Respondents, v STATE OF NEW YORK, Appellant. (Claim No. 92066.) [662 NYS2d 97] —In a claim to recover damages for personal injuries, etc., the defendant appeals from an order of the Court of Claims (McNamara, J.), dated August 1, 1996, which granted the claimants' motion for partial summary judgment on the issue of liability under Labor Law § 240 (1).

Ordered that the order is affirmed, with costs.

Contrary to the State's contention, Labor Law § 240 (1) requires safe scaffolding and other devices for the protection of workers (*see, Alderman v State of New York*, 139 Misc 2d 510, 515; *see also, Pritchard v Murray Walter, Inc.*, 157 AD2d 1012).

In support of their motion for partial summary judgment, the claimants submitted proof in evidentiary form that the State failed to provide proper protection and that this failure

was a proximate cause of the injuries to the claimant Viktor Labodin. The State's opposition to the claimants' motion for partial summary judgment, an affirmation by counsel, is unavailing (*see, Zuckerman v City of New York,* 49 NY2d 557). Accordingly, the State failed to raise a bona fide issue of fact sufficient to defeat the claimants' motion (*see, Rotuba Extruders v Ceppos,* 46 NY2d 223).

Once it is determined that the owner or contractor failed to provide the necessary safety devices required to give a worker "proper protection", absolute liability is unavoidable under Labor Law § 240 (1) irrespective of any contributory negligence (*see, Zimmer v Chemung County Performing Arts,* 65 NY2d 513, 523). Bracken, J. P., Rosenblatt, Goldstein and Luciano, JJ., concur.