■ TIMOTHY J. JOHNSON, Appellant-Respondent, v CITY OF CORNING, Respondent-Appellant, et al., Defendants. [702 NYS2d 489] —Order unanimously modified on the law and as modified

affirmed without costs in accordance with the following Memorandum: Plaintiff was injured when he slipped or tripped on electrical wires and fell into a wastewater treatment tank. Supreme Court properly granted that part of the cross motion of defendant City of Corning (City) for summary judgment dismissing the Labor Law § 240 (1) claim. A worker's fall into an opening from ground level while the worker is traversing a worksite is not within the purview of the statute (*see, Mazzu v Benderson Dev. Co.*, 224 AD2d 1009; *see also, Panepinto v L.T.V. Steel Co.*, 207 AD2d 1006; *Radka v Miller Brewing*, 182 AD2d 1111). Plaintiff's reliance on *Hoffmeister v Oaktree Homes* (206 AD2d 921) is misplaced. There, we did not consider the issue whether the plaintiff was performing work at an elevated worksite.

The court properly denied that part of the City's cross motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violations of 12 NYCRR 23-1.7 (b) (*see, Mazzu v Benderson Dev. Co., supra*) and (e) (2). The court erred, however, in denying that part of the City's cross motion for summary judgment dismissing the Labor Law § 241 (6) claim with respect to the alleged violation of 12 NYCRR 23-1.7 (d). That regulation involves "Slipping hazards" and requires employers to provide safe footing where slippery conditions exist. Although plaintiff testified that he "slipped", he did not testify that the top of the tank was in a slippery condition or that the electrical wires were covered with "[i]ce, snow, water, grease [or] any other foreign substance" (12 NYCRR 23-1.7 [d]). Thus, we modify the order accordingly. (Appeals from Order of Supreme Court, Steuben County, Furfure, J.—Summary Judgment.) Present—Green, A. P. J., Wisner, Pigott, Jr., Hurlbutt and Scudder, JJ.