■ Rocco Bellantoni et al., Respondents, v I.C.E. Construction Corp. et al., Appellants. [706 NYS2d 146] —In an action to recover damages for personal injuries, etc., the defendant A. Battinelli & Sons, Inc., appeals from so much of an order of the Supreme Court, Westchester County (Nastasi, J.), entered March 25, 1999, as denied its motion for summary judgment as untimely, and upon searching the record, granted partial summary judgment to the plaintiffs insofar as asserted against it on the issue of liability under Labor Law § 240 (1), and the defendants I.C.E. Construction Corp., Canterbury Construction Corp., and Waters Edge Pools separately appeal from stated portions of the same order.

Ordered that the appeals by I.C.E. Construction Corp., Canterbury Construction Corp., and Waters Edge Pools are dismissed as withdrawn; and it is further,

Ordered that the order is modified, on the law, by deleting the provision thereof which, upon searching the record, granted partial summary judgment to the plaintiffs on the issue of liability pursuant to Labor Law § 240 (1) insofar as asserted against the defendant A. Battinelli & Sons, Inc., and substituting therefor a provision that, upon searching the record, the cause of action under Labor Law § 240 (1) is dismissed insofar as it is asserted against that defendant; as so modified, the order is affirmed insofar as reviewed, with costs payable by the plaintiffs to the defendant A. Battinelli & Sons, Inc.

The injured plaintiff was constructing a limestone terrace at least 18 to 20 inches from the edge of a swimming pool, when he slipped on an unsteady limestone block and fell into the empty pool. The terrace on which the injured plaintiff was working was level. It was five to six feet wide along the sides of the pool, and 25 feet wide at both ends. Contrary to the conclusion of the Supreme Court, the accident was not the result of an elevation-related hazard (*see, Cataudella v Kings Bay Hous. Section II,* 259 AD2d 652; *Masullo v City of New York,* 253 AD2d 541). Thus, the plaintiffs' cause of action asserting a violation of Labor Law § 240 (1) must be dismissed against A. Battinelli & Sons, Inc., the only appellant remaining on this appeal (*see, Rocovich v Consolidated Edison Co.,* 78 NY2d 509, 514).

The remaining contentions of A. Battinelli & Sons, Inc., are without merit or need not be addressed in light of the above determination. Bracken, J. P., Friedmann, Goldstein and Smith, JJ., concur.