■ MORGAN EDWARDS et al., Appellants-Respondents, v C & D UNLIMITED, INC., Respondent-Appellant, and GOLIATH STONE SALES, LTD., et al., Respondents. [735 NYS2d 141] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of (a) an order of the Supreme Court, Suffolk County (Kitson, J.), dated June 12, 2000, as denied their motion for partial summary judgment on the issue of liability pursuant to Labor Law § 240 (1) as against all defendants and granted that branch of the cross motion of the defendant Antorino Sewer & Drain, Inc., which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1) insofar as asserted against it, (2) an order of the same court dated September 26, 2000, as, upon granting the motion of the defendant Antorino Sewer & Drain, Inc., for reargument, granted that branch of

its prior cross motion which was for summary judgment dismissing the causes of action to recover damages pursuant to Labor Law § 200 and common-law negligence insofar as asserted against that defendant, (3) an order of the same court dated October 2, 2000, as, upon denying the motion of the defendant C & D Unlimited, Inc., for reargument, *sua sponte*, clarified its order dated June 12, 2000, so as to grant that branch of the prior cross motion of the defendant C & D Unlimited, Inc. which was for summary judgment dismissing the cause of action to recover damages pursuant to Labor Law § 240 (1) insofar as asserted against it, and (4) an order of the same court dated October 12, 2000, as amended the order dated September 26, 2000, to reflect that all cross claims asserted against the defendant Antorino Sewer & Drain, Inc., were dismissed, and the defendant C & D Unlimited, Inc., cross-appeals from stated portions of the order dated June 12, 2000.

Ordered that the cross appeal is dismissed as abandoned; and it is further,

Ordered that the orders dated June 12, 2000, and September 26, 2000, are affirmed insofar as appealed from; and it is further,

Ordered that the notice of appeal from so much of the order dated October 2, 2000, as, *sua sponte*, clarified the order dated June 12, 2000, to dismiss the cause of action to recover damages against C & D Unlimited, Inc., pursuant to Labor Law § 240 (1), is deemed an application for leave to appeal from that portion of the order, and leave to appeal is granted (*see,* CPLR 5701 [c]); and it is further,

Ordered that the order dated October 2, 2000, is affirmed insofar as appealed from; and it is further,

Ordered that the appeal from the order dated October 12, 2000 is dismissed, as the plaintiffs are not aggrieved by that order (*see,* CPLR 5511); and it is further,

Ordered that the defendants are awarded one bill of costs.

The granting of relief *sua sponte* does not decide a motion made on notice. To that extent the order dated October 2, 2000, is appealable only by permission (*see,* CPLR 5701 [a] [2]; [c]). Under the circumstances of this case, we exercise our discretion and grant the plaintiffs leave to appeal from that portion of the order dated October 2, 2000, which clarified that part of the order dated June 12, 2000, and dismissed the cause of action to recover damages against C & D Unlimited, Inc. (hereinafter C & D), pursuant to Labor Law § 240 (1).

The plaintiffs are not aggrieved by the order dated October

12, 2000, since it merely amended the order dated September 26, 2000, to reflect that all of the cross claims asserted against the defendant Antorino Sewer & Drain, Inc. (hereinafter Antorino) were dismissed. The order dated September 26, 2000, which dismissed the plaintiffs' cause of action to recover damages against Antorino pursuant to Labor Law § 240 (1) insofar as asserted against it, otherwise remained "in full force and effect." Therefore, the plaintiffs may not appeal from the order dated October 12, 2000 (see, CPLR 5511).

The injured plaintiff, standing near the edge of an excavation, sustained personal injuries when the ground beneath him gave way, causing him to fall into the excavation and hit the bottom. At the time of the accident, the injured plaintiff was working entirely on the ground outside of the excavation, and he was not required to travel over or climb into and out of the excavation.

The Supreme Court correctly dismissed the plaintiffs' cause of action to recover damages pursuant to Labor Law § 240 (1). The injured plaintiff's work was wholly unrelated to an elevation-related hazard (see, Bellantoni v I.C.E. Constr. Corp., 271 AD2d 560; Masullo v City of New York, 253 AD2d 541; Bradshaw v National Structures, 249 AD2d 921; Radka v Miller Brewing, 182 AD2d 1111). The Supreme Court also properly granted summary judgment to the defendant Antorino on the plaintiffs' claims to recover damages pursuant to Labor Law § 200 and common-law negligence, as that defendant established that it had no authority to supervise and control the work being performed by the injured plaintiff at the time of the accident (see, Russin v Picciano & Son, 54 NY2d 311, 317; Rosenberg v Krupinski Gen. Contrs., 284 AD2d 523). Santucci, J. P., Altman, Townes and Crane, JJ., concur.