OPINION OF THE COURT
Alexander W. Hunter, Jr., J.
*318 Motion by defendant Sisters of Charity of Saint Vincent DePaul of New York (the Sisters), for summary judgment dismissing plaintiffs’ complaint against the Sisters on the ground that plaintiffs accident did not result from an elevation hazard pursuant to Labor Law § 240 (?.), is denied.
The cause of action arise s out of injuries sustained by plaintiff James Timmons on June 9, 2001 when he stepped on and fell through a permanent skylight while performing air conditioning insulation work in the fifth floor attic/ceiling area of the administration building at the defendant College of Mount Saint Vincent. At the time of plaintiffs fall, the College was renovating the administration building. The Sisters owns the premises and leased it to the College pursuant to a written lease dated April 1, 1987. HMS Mechanical Systems, Inc. was hired to install three five-ton air conditioning units in the building and hired other subcontractors to perform the duct work and insulation of the air conditioners. Plaintiff was a part-time employee of Link Metal Finishing Corporation, who was subcontracted by HMS to perform the duct work.
Plaintiff argues that the work he was engaged in on the date of his injury was elevation-related pursuant to Labor Law § 240 (1). Thus, the defendant owner, agent and contractors are all absolutely liable for failing to provide protective planking or other protective devices over the skylight through which plaintiff fell. Therefore, plaintiff is entitled to partial summary judgment.
The defendants all oppose plaintiffs motion. Sisters and HMS oppose the motion on the ground that plaintiff was not working on an elevated platform at the time of his fall, as he was working in an attic of a fully finished building which contained a skylight. They assert that plaintiff has not demonstrated that additional safety devices were necessary to perform the insulation duct work and further that there is a question of fact as to whether the plaintiffs conduct was the sole proximate cause of his accident for stepping on the skylight rather than around it. The College does not dispute that plaintiff established certain elements of a cause of action under Labor Law § 240 (1) or that the College is in the class of owners to whom Labor Law § 240 is applicable. However, the College contends that plaintiff has failed to make out a prima facie case that his accident was caused by the failure to provide appropriate safety devices.
Labor Law § 240 (1) involves scaffolding and other devices for the use of employees. It states,
*319 “All contractors and owners and their agents . . . who contract for but do not direct or control the work, in the erection, demolition, repairing, altering, painting, cleaning or pointing of a building or structure shall furnish or erect, or cause to be furnished or erected for the performance of such labor, scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices which shall be so constructed, placed and operated as to give proper protection to a person so employed.”
Safety devices under Labor Law § 240 are for the protection of persons working at sites where elevation poses a risk. Failure to provide safety devices is considered a violation of Labor Law § 240 for which owners, contractors and their agents will be held liable (see, Rocovich v Consolidated Edison Co., 78 NY2d 509 [1991]; Gordon v Eastern Ry. Supply, 82 NY2d 555 [1993]).
The affidavit submitted by plaintiff indicates that while he was in the attic installing insulation, he went over the top of the duct he was wrapping, came down on the other side and fell on an “uncovered and unprotected” glass skylight in the fifth floor ceiling. He went through the glass and landed on the floor approximately 12 feet below. There was no planking over the skylight opening and no guards or other protective devices over or around the opening at the time of his fall. (Plaintiffs affidavit 1Í1I 6-7, 10.) The types of hazards contemplated by the Labor Law statute,
“are those related to the effects of gravity where protective devices are called for either because of a difference between the elevation level of the required work and a lower level or a difference between the elevation level where the worker is positioned and the higher level of the materials or load being hoisted or secured . . . Consistent with this statutory purpose we have applied section 240 (1) in circumstances where there are risks related to elevation differentials” (Rocovich v Consolidated Edison Co., 78 NY2d 509, 514 [1991] [citations omitted]).
Although HMS and the Sisters dispute that plaintiff was working at an elevated height, plaintiff sufficiently demonstrated that he could only reach the attic space he was working in above the ceiling by using a ladder greater than 12 feet. It is apparent that there was a difference between the elevation level where he was required to work (the attic above the ceiling area) *320 and a lower level (the floor below) which was at a distance of approximately 12 feet. The cases cited by the Sisters in support of their argument, which HMS adopts, are clearly distinguishable. In particular, the Sisters focus on Riley v Stickl Constr. Co. (242 AD2d 936 [4th Dept 1997]), which they assert is squarely on point with the issue in the case at bar, and Mazzu v Benderson Dev. Co. (224 AD2d 1009 [4th Dept 1996]).
In Riley v Stickl Constr. Co. (supra), the plaintiff had just completed the construction of a first floor deck when he stepped into an open and unguarded stairwell and fell one story to the basement floor. In Mazzu v Benderson Dev. Co. (supra), work was being performed on an inground swimming pool when plaintiffs foot came in contact with the edge of the pool and he fell approximately eight feet to the bottom of the pool that was not enclosed by railings or barriers. In both of those cases, the Court held that the fall was not from an elevated work site within the meaning of the Labor Law statute. However, in those cases, the plaintiffs were not performing work at an elevated height as the plaintiff was in the case at bar.
HMS and the Sisters made arguments with respect to plaintiff being the sole proximate cause of his accident. However, they have not raised an issue of fact by proof in admissible form that plaintiff was the sole proximate cause of his accident. Moreover, any argument with respect to contributory negligence on the part of the plaintiff fails. Any claim of contributory negligence on the part of the plaintiff is not a defense to a claim when a violation under Labor Law § 240 (1) has occurred (see, Kyle v City of New York, 268 AD2d 192 [1st Dept 2000]).
Accordingly, plaintiff has demonstrated that he is entitled to partial summary judgment on his claim of strict liability pursuant to Labor Law § 240 (1) and his cross motion is granted.
[Portions of opinion omitted for purposes of publication.]