Sanchez v 74 Wooster Holding, LLC (2022 NY Slip Op 00204)





Sanchez v 74 Wooster Holding, LLC


2022 NY Slip Op 00204


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-11117
 (Index No. 700051/18)

[*1]Ernesto Sanchez, appellant, 
v
74 Wooster Holding, LLC, respondent.


Lipsig, Shapey, Manus & Moverman, P.C. (Pollack, Pollack, Isaac & DeCicco, LLP, New York, NY [Brian J. Isaac and Diane Toner], of counsel), for appellant.
Mulholland Minion Davey McNiff & Beyrer, Williston Park, NY (Kevin R. McNiff and Morgann C. McCarthy of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Larry L. Love, J.), entered August 21, 2019. The order denied the plaintiff's motion for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6).
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly sustained personal injuries after he tripped and fell into an empty swimming pool while performing construction work on premises owned by the defendant. The plaintiff was an employee of nonparty ABR Molding Andy, LLC (hereinafter ABR), at the time of the accident, and was working at the premises pursuant to a construction contract between the defendant and ABR. The plaintiff thereafter commenced this action against the defendant alleging violations of Labor Law §§ 200, 240(1), and 241(6). Following discovery, the plaintiff moved for summary judgment on the issue of liability on the causes of action alleging violations of Labor Law §§ 240(1) and 241(6). In an order entered August 21, 2019, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
The Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 240(1). Labor Law § 240(1) requires property owners and contractors to provide workers with "scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes, and other devices which shall be so constructed, placed and operated as to give proper protection" to the workers. The purpose of the statute is to protect against "such specific gravity-related accidents as falling from a height or being struck by a falling object" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501). "In determining the applicability of the statute, 'the single decisive question is whether [the] plaintiff's injuries were the direct consequence of [the] failure to provide adequate protection against a risk arising from a physically significant elevation differential'" (Lemus v New York B Realty Corp., 186 AD3d 1351, 1352, quoting Runner v New York Stock Exch., Inc., 13 NY3d 599, 603). Here, the evidence submitted by the plaintiff in support of the motion failed to establish, [*2]prima facie, that the accident resulted from the kind of elevation-related hazards contemplated by Labor Law § 240(1). The plaintiff testified at his deposition that he fell into the empty swimming pool after he tripped while walking on an adjacent, level patio. Accordingly, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause action alleging a violation of Labor Law § 240(1) (see Bellantoni v I.C.E. Constr. Corp., 271 AD2d 560, 561; Mazzu v Benderson Dev. Co., 224 AD2d 1009, 1010-1011; see also Nicometi v Vineyards of Fredonia, LLC, 25 NY3d 90, 98-99).
The Supreme Court also properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6). The plaintiff failed to establish, prima facie, that any of the Industrial Code provisions upon which the alleged violation of Labor Law § 241(6) is predicated apply to the circumstances of his accident (see Aragona v State of New York, 147 AD3d 808, 809; Mercado v TPT Brooklyn Assoc., LLC, 38 AD3d 732, 733). Accordingly, the plaintiff failed to demonstrate his prima facie entitlement to judgment as a matter of law on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6).
The defendant's contention regarding the admissibility of certain deposition transcripts is without merit.
BRATHWAITE NELSON, J.P., RIVERA, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court