Ricottone v PSEG Long Is., LLC (2023 NY Slip Op 06155)

Ricottone v PSEG Long Is., LLC

2023 NY Slip Op 06155

Decided on November 29, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 29, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
ANGELA G. IANNACCI
PAUL WOOTEN
WILLIAM G. FORD, JJ.

2021-02524
 (Index No. 620948/16)

[*1]Anthony Ricottone, appellant,
v
PSEG Long Island, LLC, et al., respondents.

Buttafuoco & Associates, PLLC, Woodbury, NY (Ellen Buchholz and Scott Szczefny of counsel), for appellant.
Zaklukiewicz, Puzo & Morrissey, Islip Terrace, NY (Joseph M. Puzo of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an amended order of the Supreme Court, Suffolk County (Linda J. Kevins, J.), dated March 17, 2021. The amended order granted the defendants' cross-motion for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200, 240(1), and 241(6), and denied the plaintiff's motion for summary judgment on the issue of liability on those causes of action.
ORDERED that the amended order is modified, on the law, by deleting the provisions thereof granting those branches of the defendants' cross-motion which were for summary judgment dismissing the causes of action alleging violations of Labor Law §§ 200 and 241(6), and substituting therefor provisions denying those branches of the cross-motion; as so modified, the amended order is affirmed, without costs or disbursements.
On November 21, 2016, the plaintiff, an employee of nonparty Verizon Communications (hereinafter Verizon), allegedly was injured when he dove underneath his truck in response to an "explosion," which occurred during the hoisting of a portion of a damaged utility pole by employees for the defendants. The plaintiff was part of a work crew for Verizon that had been dispatched, along with crews for the defendants, to replace the utility pole after it had been struck and damaged by a vehicle. At the time of the incident, the plaintiff was standing approximately 150 feet away from the utility pole, and was waiting for the defendants' employees to remove the upper half of the pole, which had snapped off the base and had energized power lines attached to it. The plaintiff and his crew were waiting to install a new utility pole after the completion of the defendants' work.
In December 2016, the plaintiff commenced this action against the defendants to recover damages for personal injuries, alleging, inter alia, violations of Labor Law §§ 240(1), 241(6), and 200. Thereafter, the plaintiff moved for summary judgment on the issue of liability on the Labor Law causes of action, and the defendants cross-moved for summary judgment dismissing those causes of action. In an amended order dated March 17, 2021, the Supreme Court granted the defendants' cross-motion and denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 240(1) was designed to prevent those types of accidents in which the scaffold, hoist, stay, ladder or other protective device proved inadequate to shield the injured worker from harm directly flowing from the application of the force of gravity to an object or person" (Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d 494, 501 [emphasis omitted]; see Runner v New York Stock Exch., Inc., 13 NY3d 599, 604; Bonkoski v Condos Bros. Constr. Corp., 216 AD3d 612, 615). However, "[t]he extraordinary protections of Labor Law § 240(1) extend only to a narrow class of special hazards, and do 'not encompass any and all perils that may be connected in some tangential way with the effects of gravity'" (Nieves v Five Boro A.C. & Refrig. Corp., 93 NY2d 914, 915-916 [emphasis omitted], quoting Ross v Curtis-Palmer Hydro-Elec. Co., 81 NY2d at 501; see Cruz v 451 Lexington Realty, LLC, 218 AD3d 733).
Here, the defendants established, prima facie, that the plaintiff's injuries did not flow directly from the application of the force of gravity to an object or person, and thus, were not caused by an elevation-related or gravity-related risk within the scope of Labor Law § 240(1) (see Misseritti v Mark IV Constr. Co., 86 NY2d 487, 489; Clark v FC Yonkers Assoc., LLC, 172 AD3d 1159, 1161). The defendants submitted, inter alia, a transcript of the plaintiff's deposition testimony, wherein he acknowledged that no portion of the utility pole fell where he was standing, approximately 150 feet away, and that his injuries were caused by his diving underneath his truck. In opposition to the defendants' prima facie showing, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 240(1) and denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Washington-Tatum v City of New York, 205 AD3d 976, 977 [internal quotation marks omitted]). "To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case" (Carranza v JCL Homes, Inc., 210 AD3d 858, 860 [internal quotation marks omitted]). "[C]ourts have generally held that the scope of Labor Law § 241(6) is governed by 12 NYCRR 23-l.4(b)(13) which defines construction work expansively" (Vernieri v Empire Realty Co., 219 AD2d 593, 595). Under 12 NYCRR 23-1.4(b)(13), "construction" work is defined to include "[a]ll work of the types performed in the construction, erection, alteration, repair, maintenance, painting or moving of buildings or other structures." "Although maintenance work performed in connection with construction, demolition, or excavation work is included under Labor Law § 241(6), '[r]outine maintenance is not within the ambit of Labor Law § 241(6)'" (Washington-Tatum v City of New York, 205 AD3d at 978, quoting Garcia-Rosales v Bais Rochel Resort, 100 AD3d 687, 688). "Generally, courts have held that work constitutes routine maintenance where the work involves replacing components that require replacement in the course of normal wear and tear" (Washington-Tatum v City of New York, 205 AD3d at 977 [internal quotation marks omitted]; see Esposito v New York City Indus. Dev. Agency, 1 NY3d 526, 528).
Here, the defendants failed to establish, prima facie, that the work they were performing at the time of the incident constituted routine maintenance or repairs not within the ambit of Labor Law § 241(6) (see Nooney v Queensborough Pub. Lib., 212 AD3d 830, 832; Wass v County of Nassau, 173 AD3d 933, 934). The defendants' evidentiary submissions indicated that the incident occurred while the defendants were hoisting a portion of the utility pole to enable the total replacement of the pole, which had been severely damaged after a vehicle hit the pole. Thus, the defendants' evidentiary submissions did not demonstrate, prima facie, that the work involved merely "replacing components that require replacement in the course of normal wear and tear" (Washington-Tatum v City of New York, 205 AD3d at 977 [internal quotation marks omitted]). Accordingly, the Supreme Court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing the cause of action alleging a violation of Labor Law § 241(6), without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
Furthermore, the plaintiff failed to eliminate triable issues of fact as to whether the Industrial Code provisions upon which the alleged violation of Labor Law § 241(6) is predicated are applicable to the circumstances of this incident (see Sanchez v 74 Wooster Holding, LLC, 201 AD3d 755, 756). Thus, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on the cause of action alleging a violation of Labor Law § 241(6), without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
"Labor Law § 200 is a codification of the common-law duty of [property] owners, contractors, and their agents to provide workers with a safe place to work" (Bonkoski v Condos Bros. Constr. Corp., 216 AD3d at 616 [internal quotation marks omitted]; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 352). "Cases involving Labor Law § 200 fall into two broad categories: namely, those where workers are injured as a result of dangerous or defective premises conditions at a work site, and those involving the manner in which the work is performed" (Boody v El Sol Contr. & Constr. Corp., 180 AD3d 863, 864 [internal quotation marks omitted]; see Ortega v Puccia, 57 AD3d 54, 61). "When there are allegations involving the manner in which the work was performed, a property owner will be held liable only if it possessed the authority to supervise or control the means and methods of the work" (Saitta v Marsah Props., LLC, 211 AD3d 1062, 1063 [internal quotation marks omitted]; see Comes v New York State Elec. & Gas Corp., 82 NY2d 876, 877; Russin v Louis N. Picciano & Son, 54 NY2d 311, 317). "Where a plaintiff's injuries are alleged . . . to arise from a dangerous condition on the premises, a defendant may be liable under Labor Law § 200 if it either created the dangerous condition that caused the accident or had actual or constructive notice of the dangerous condition" (Bonkoski v Condos Bros. Constr. Corp., 216 AD3d at 616 [internal quotation marks omitted]; see Saitta v Marsah Props., LLC, 211 AD3d at 1063).
Here, the defendants failed to establish, prima facie, that they had no authority to supervise or control the work being performed by the defendants' own employees at the time of the incident (see State of New York v Defoe Corp., 149 AD3d 889, 890). Further, to the extent the plaintiff alleged that the incident was caused by a dangerous condition, the defendants did not address the issues of whether they created or had actual or constructive notice of a dangerous condition (see Goya v Longwood Hous. Dev. Fund Co. Inc., 192 AD3d 581, 584). Accordingly, the defendants failed to establish their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging a violation of Labor Law § 200, and thus, the Supreme Court should have denied that branch of the defendants' cross-motion which was for summary judgment dismissing that cause of action, without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
Furthermore, the plaintiff failed to establish his prima facie entitlement to judgment as a matter of law on the cause of action alleging a violation of Labor Law § 200, as he did not eliminate triable issues of fact as to the cause of the incident and as to whether the defendants performed the hoisting of a portion of the utility pole in a deficient manner (see Mushkudiani v Racanelli Constr. Group, Inc., 216 AD3d 613). Accordingly, the Supreme Court properly denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability on that cause of action, without regard to the sufficiency of the defendants' opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
CONNOLLY, J.P., IANNACCI, WOOTEN and FORD, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court