Castellon v 38 E. 85th St., Inc. (2025 NY Slip Op 02311)

Castellon v 38 E. 85th St., Inc.

2025 NY Slip Op 02311

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
BARRY E. WARHIT
LILLIAN WAN, JJ.

2022-06455
 (Index No. 721590/19)

[*1]Elder Castellon, appellant, 
v
38 East 85th Street, Inc., et al., respondents.

Law Offices of Dennis Smith PLLC, New York, NY, for appellant.
Stonberg, Hickman & Pavloff LLP, New York, NY (Kevin A. Hickman of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), dated July 15, 2022. The order denied the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.8(a).
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.8(a) is granted.
The plaintiff allegedly was injured on a work site while moving an air compressor and sandblasting equipment when the discharge hose disconnected from the sandblaster, causing air and sand to strike him in the face. The plaintiff commenced this action to recover damages for personal injuries against the owner of the premises, the defendant 38 East 85th Street, Inc., and the general contractor for the project, the defendant Retail Project Management of NY, Inc. The plaintiff alleged, inter alia, a violation of Labor Law § 241(6) predicated upon violations of (1) 12 NYCRR 23-1.5(c)(3), which provides that "[a]ll safety devices, safeguards and equipment in use shall be kept sound and operable, and shall be immediately repaired or restored or immediately removed from the job site if damaged," and (2) 12 NYCRR 23-1.8(a), which provides that "[a]pproved eye protection equipment suitable for the hazard involved shall be provided for and shall be used by all persons . . . while engaged in any . . . operation which may endanger the eyes."
Thereafter, the plaintiff moved for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.8(a). In an order dated July 15, 2022, the Supreme Court denied the plaintiff's motion. The plaintiff appeals.
"Labor Law § 241(6) imposes a nondelegable duty upon owners and contractors to provide reasonable and adequate protection and safety to construction workers" (Stewart v Brookfield Off. Props., Inc., 212 AD3d 746, 746 [internal quotation marks omitted]; see Lopez v New [*2]York City Dept. of Envtl. Protection, 123 AD3d 982, 983). "'To establish liability under Labor Law § 241(6), a plaintiff must demonstrate that the injuries allegedly sustained were proximately caused by a violation of an Industrial Code provision that is applicable under the circumstances of the case'" (Gonzalez v City of New York, 227 AD3d 958, 960 [internal quotation marks omitted], quoting Ricottone v PSEG Long Is., LLC, 221 AD3d 1032, 1034). "An owner or contractor may be held liable under Labor Law § 241(6) even if it did not have control of the site or notice of the allegedly dangerous condition" (id.; see Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 348-351).
Here, the plaintiff demonstrated, prima facie, that the defendants violated Labor Law § 241(6) by failing to provide adequate eye protection equipment and to ensure that the plaintiff used safety equipment while working at the job site in accordance with 12 NYCRR 23-1.5(c)(3) and 23-1.8(a), and that those violations were a proximate cause of the accident (see Fuentes v 257 Toppings Path, LLC, 225 AD3d 746, 749; Bundo v 10-12 Cooper Sq., Inc., 140 AD3d 535, 536). In support of his motion, the plaintiff submitted, inter alia, a transcript of his deposition testimony. The plaintiff testified that only a broken full body mask was available for him to use at the work site at the time of the accident, with no other protective eyewear available. Moreover, the plaintiff submitted an affidavit from his expert, Herbert Heller, Jr., who opined, among other things, that the defendants' failure to provide adequate eye protection equipment to the plaintiff was a proximate cause of the plaintiff's injuries. In opposition, the defendants failed to raise a triable issue of fact.
Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability on so much of the cause of action alleging a violation of Labor Law § 241(6) as was predicated on violations of 12 NYCRR 23-1.5(c)(3) and 23-1.8(a).
DILLON, J.P., WOOTEN, WARHIT and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court