Baxter v Jada Constr. & Dev., Inc. (2025 NY Slip Op 03034)

Baxter v Jada Constr. & Dev., Inc.

2025 NY Slip Op 03034

Decided on May 21, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 21, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2021-07326
 (Index No. 51173/18)

[*1]Shawn Baxter, appellant, 
v
Jada Construction & Development, Inc., et al., respondents, et al., defendants.

Sobo & Sobo, LLP, Middletown, NY (Mark P. Cambareri of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Purchase, NY (Otto Cheng of counsel), for respondent Cambridge Heights Holdings, LLC.
Joseph J. Haspel, Middletown, NY, for respondents Jada Construction, Inc., and Jada Construction & Development, Inc.

DECISION & ORDER
In a consolidated action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Dutchess County (Maria G. Rosa, J.), dated September 21, 2021. The order granted the separate motions of the defendant Cambridge Heights Holdings, LLC, and the defendants Jada Construction, Inc., and Jada Construction & Development, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them.
ORDERED that the order is reversed, on the law, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the separate motions of the defendant Cambridge Heights Holdings, LLC, and the defendants Jada Construction, Inc., and Jada Construction & Development, Inc., for summary judgment dismissing the complaint insofar as asserted against each of them are denied.
On April 4, 2016, while in the process of delivering a prefabricated fireplace to a semi-attached condominium unit under construction, the plaintiff allegedly was injured when he fell due to a slope between two driveways that created a height differential of approximately six to seven inches. At the time of the accident, the defendant Cambridge Heights Holdings, LLC (hereinafter Cambridge), owned the premises. The defendant Jada Construction, Inc., formerly known as Jada Construction & Development, Inc., was the general contractor for the construction project. The plaintiff sued the general contractor under both its present and former name (hereinafter together Jada).
Thereafter, the plaintiff commenced two separate actions to recover damages for personal injuries against, among others, Cambridge and Jada (hereinafter together the defendants),
which were later consolidated. The plaintiff asserted causes of action alleging common-law negligence and a violation of Labor Law § 200. Following discovery, the defendants separately moved for summary judgment dismissing the complaint insofar as asserted against each of them. In an order dated September 21, 2021, the Supreme Court granted the defendants' motions, [*2]concluding that the slope on the property was open and obvious, despite the issue not being raised by the defendants. The plaintiff appeals.
The Supreme Court erred in granting the defendants' separate motions for summary judgment dismissing the complaint insofar as asserted against each of them. "Where, as here, a plaintiff contends that an accident occurred because a dangerous condition existed on the premises where the work was being undertaken, a defendant moving for summary judgment dismissing causes of action alleging common-law negligence and a violation of Labor Law § 200 must make a prima facie showing that it neither created the dangerous condition nor had actual or constructive notice of its existence" (Calle v City of New York, 212 AD3d 763, 765; see Hamm v Review Assoc., LLC, 202 AD3d 934, 938). Here, the evidence submitted by the defendants in support of their motions failed to eliminate triable issues of fact as to the height differential between the driveways and whether they created the alleged defect or had actual or constructive notice of its existence (see Ricottone v PSEG Long Is., LLC, 221 AD3d 1032). Moreover, in making its determination to award summary judgment to the defendants, the court improperly relied upon an argument that was not raised by the defendants (see Misicki v Caradonna, 12 NY3d 511, 519; Wells Fargo Bank, N.A. v St. Louis, 229 AD3d 116; Rosenblatt v St. George Health & Racquetball Assoc., LLC, 119 AD3d 45, 54; Quizhpe v Luvin Constr., 70 AD3d 912, 914).
BARROS, J.P., FORD, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court